UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: | Case No. 24-44713 |
| KEVIN MORRELL, | Chapter 7 |
| Debtor. | |
| | Hearing Date: March 5, 2025 |
| STERLING BANK, | Objection Deadline: February 28, 2025 |
| Movant, | Hearing Location: |
| v. | **U.S. Bankruptcy Court** |
| | **11 South 10th Street** |
| KEVIN MORRELL, Debtor | **Courtroom 5 South** |
| and CHARLES RISKE, Trustee | **St. Louis, Missouri 63102** |
| Respondent. | |

**MOTION FOR RELIEF FROM THE AUTOMATIC
STAY PURSUANT TO 11 U.S.C. § 362(d)**

COMES NOW Sterling Bank ("Sterling" or "Lender"), by and through its undersigned counsel, and for its Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) (the "Motion") respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (M).

## BACKGROUND

**I.    Sterling's Loan to Debtor and Collateral**

4. On or about November 18, 2022, Kevin Morrell ("Debtor") and the Kevin J. Morrell Revocable Trust (the "Trust") executed a promissory note ("Note") evidencing a loan, which Sterling made to Debtor and the Trust in the principal amount of $1,000,000.00 ("Loan"). The Note is attached hereto as Exhibit 1 and incorporated herein by reference.

5. The Note was subsequently modified on the following occasions:

   a. On or about June 1, 2023, Debtor executed and delivered to Sterling, that certain *Change in Terms Agreement*, modifying, the date by which Debtor was required to make a principal reduction payment of $500,000.00 ("First Change in Terms Agreement");

   b. On or about August 30, 2023, Debtor executed and delivered to Sterling, that certain *Change in Terms Agreement*, removing a required principal reduction payment and increasing the interest rate ("Second Change in Terms Agreement");

   c. On or about November 23, 2023, Debtor executed and delivered to Sterling, that certain Change in Terms Agreement, extending the maturity date by two months ("Third Change in Terms Agreement");

   d. On or about January 24, 2024, Debtor executed and delivered to Sterling, that certain Change in Terms Agreement, adding collateral pledged to secure the Loan and further extending the maturity date by four months ("Fourth Change in Terms Agreement"); and

   e. On or about May 18, 2024, Debtor executed and delivered to Sterling, that certain Change in Terms Agreement, extending the maturity date by six months and increasing the interest rate  ("Fifth Change in Terms Agreement");  (collectively, the "Change in Terms Agreements," and attached hereto as Exhibit 2 and incorporated herein).

6. Pursuant to the Fifth Change in Terms Agreement, the Loan matured on November 18, 2024.

7.  On or about January 24, 2024, in connection with the Fourth Change in Terms agreement, Debtor and the Trust executed a Business Loan Agreement in furtherance of the Note and Loan. A true and correct copy of the Business Loan Agreement is attached hereto as <u>Exhibit 3</u> and incorporated by reference herein.

8.  To secure payment and performance under the Loan, as modified by the Fourth Change in Terms Agreement, Debtor granted to Sterling liens and security interests in various assets owned by Debtor, evidenced by that certain *Commercial Security Agreement* from the Debtor and the Trust dated January 24, 2024, attached hereto as <u>Exhibit 4</u> and incorporated herein, which grants to Sterling a security interest in the following:

  i. All of the debtor's member interest, in distributions by Green Street Investors LLC up to a maximum of One Million and No/100 Dollars ($1,000,000), distributions and other proceeds payable to Debtor as result of any sale, assignment, transfer, or other disposition of any properties including but not limited to 4041 Chouteau Ave, St. Louis MO 63110, of Green Street Investors, LLC a Missouri limited liability company ("GSI") or any subsidiary company of GSI.

  ii. All of the debtor's member interest in Green Street Swan Investors LLC.

  iii. All of the debtor's member interest, in distributions by GS Morrell OZ Fund I LLC up to a maximum of One Million and No/100 Dollars ($1,000,000), distributions and other proceeds payable to Debtor as result of any sale, assignment, transfer, or other disposition of any properties of GS Morrell OZ Fund I LLC a Missouri limited liability company or any subsidiary company of GS Morrell OZ Fund I LLC ; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing.

  iv. all accessories, attachments, accessories, tools, parts, supplies, replacements of and additions to any of the collateral described in the *Commercial Security Agreement*;

  v. all products and produce of any of the property described in the *Commercial Security Agreement*,

  vi. all accounts, general intangibles, instruments, rents, monies, payments, and all other rights, arising out of a sale, lease, consignment or other

          disposition of any of the property described in the *Commercial Security Agreement*;

    vii.    All records and data relating to any of the property described in the *Commercial Security Agreement*, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of Grantor's right, title, and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media, and

    viii.    all proceeds (including insurance proceeds) from the sale, destruction, loss, or other disposition of any of the property, and sums due from a third party who has damaged or destroyed the collateral or from that party's insurer.

9. Sterling perfected its security interest in the assets pledged by the Debtor by filing a UCC financing statement with the Missouri Secretary of State on January 26, 2024. A true and correct copy of the UCC Financing Statement is attached hereto as <u>Exhibit 5</u> and incorporated by reference herein.

10. As of December 26, 2024, Debtor owes the following under Loan: $950,000.00 in principal, $27,325.66 in accrued interest, and $26,140.65 in late fees, for a total outstanding, exclusive of post-petition interest and attorneys' fees in the amount of $1,003,466.31.

**II.**     **The Bankruptcy Proceedings**

11. On December 26, 2024, Debtor filed a voluntarily petition for relief under Chapter 7 of 11 U.S.C. § 101 et al. (the "<u>Bankruptcy Code</u>").

12. On December 26, 2024, Debtor filed its Statement of Financial Affairs and Schedules of Assets and Liabilities (the "<u>Schedules</u>").

13. The Schedules filed by the Debtor fail to accurately reflect his membership interests in various LLCs and instead of valuing the interest held by Debtor instead reflect the value of the property in which the LLC owns an interest.

14. Sterling attaches hereto and incorporates by reference herein the organizational

4

chart for GS Chroma PH I, LLC which owns the fee interest in certain real estate located at 4041 Chouteau Avenue, St. Louis, MO.

15. The Debtor does not own any direct interest in GS Chroma PH I, LLC, rather the Debtor owns 38.1% of Green Street Investors, LLC (omitted from the Schedules entirely), which in turn owns 100% of Green Street Chouteau Investors, LLC (also omitted from the Schedules entirely), which in turn owns 100% of GS Chroma PH Tier M, LLC, and GS Chroma PH Tier M, LLC is the 100% owner of GS Chroma PH I, LLC.

16. GS Chroma PH I, LLC is the fee owner of the Chroma Apartments, and Sterling is informed and believes that Wells Fargo and Soundmark Partners hold deeds of trust on the real estate owned by GS Chroma PH I, LLC and that such deeds of trust total $60,100,000.00 (see also Schedule D, Sections 2.40, 2.45 and 2.46).

17. Sterling asserts that the market value of the Chroma Apartments based upon a pending sale contract is $65,000,000.00 and that after the payment of closing costs and commissions, that GS Chroma PH I, LLC will have net proceeds of approximately $5,392,500, of which Debtor would absent the pledges in favor of INB National Association and Sterling receive 38.1% or $2,054,543.

18. In his Schedules, the Debtor asserts the following creditors as having secured claims against his membership interests: INB National Association ($1,050,000) (*See* Schedule D, Section 2.15); INB National Association ($21,000,000.00) (*See* Schedule D, Section 2.13) and Sterling ($1,000,000.00) (*See* Schedule D, Section 2.42).

19. As set forth above, assuming the sale of the Chroma is concluded the value of the Debtor's membership interest, right to distributions, etc. does not exceed the secured claims held

5

by Sterling and INB National Association.[1]

20. The Debtor's interest in Green Street Swan Investors LLC is not even valued on his Schedules and the interest in GS Morrell OZ Fund I LLC is valued at a mere $75,075.00.

21. Sterling asserts that there in no equity in any of the collateral pledged to Sterling which would inure to the benefit of the bankruptcy estate.

### RELIEF REQUESTED

22. Sterling requests this Court's entry of an order lifting the automatic stay so that Sterling may exercise its rights pursuant to the terms of the Commercial Security Agreement as it deems appropriate, including the foreclosure of the Property.

### BASIS FOR RELIEF

23. Section 362(d) of the Bankruptcy Code requires, in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization;

11 USC § 362(d).

24. A creditor may obtain relief from the automatic stay on either ground of 362(d). Here, as demonstrated below, Sterling is entitled to relief from stay pursuant to 362(d)(1) and

---

[1] Sterling has not determined the impact of the bankruptcy filing on the Debtor's rights as a member of Green Street Investors, LLC, and as set forth herein Sterling does not believe the Debtor holds a membership interest in Green Street Chouteau Investors, LLC, GS Chroma PH Tier M, LLC, or GS Chroma PH I, LLC.

6

(d)(2) as its interests are not adequately protected, the Debtor does not have any equity in the Property, and the Property is not necessary for an effective reorganization.

25. Cause exists under Section 362(d)(1) to grant Sterling relief from the automatic stay as its interests are not adequately protected, the Debtor is in a Chapter 7 and is not making payments, and the Debtor's membership interests which Sterling seeks to foreclose upon are not reflected in the Schedules filed.

26. Sterling satisfies the 362(d)(2) threshold for relief from the automatic stay. Debtor lacks equity in his membership interests pledged in that the secured claims encumbering such interests are greater than the value of same. Additionally, as this is a Chapter 7 case, there is no reorganization possible. Accordingly, relief from the automatic stay under § 362(d)(2) is warranted, and Sterling is entitled to exercise its rights in the membership interests pledged pursuant to the Commercial Security Agreement.

## CONCLUSION

WHEREFORE, Sterling Bank prays for entry of an order granting the Motion, together with such other and further relief as the Court deems just and proper.

Dated:  February 4, 2025

Respectfully submitted,

ARMSTRONG TEASDALE LLP

*/s/ Wendi Alper-Pressman*
Wendi Alper-Pressman MO #32906
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070
(314) 621-5065 (facsimile)
walperpressman@atllp.com

ATTORNEYS FOR STERLING BANK

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded on the 4th of February, 2025 by electronic means on all parties on the Court's ECF notice list and by first-class mail postage prepaid, upon:

    Kevin Morell
    2019 S. Mason
    Saint Louis, MO  63131

                                  */s/Wendi Alper-Pressman*